IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES HERRING, | : | |
| Plaintiff, | : | |
| V. | : | NO. 5:22-cv-00185-TES-CHW |
| COMMISSIONER CHARLIE WARD, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Plaintiff James Herring, a prisoner in Baldwin State Prison in Hardwick, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. He also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff's motion to proceed *in forma pauperis* was previously granted, and Plaintiff was ordered to pay an initial partial filing fee of $24.83. Order, ECF No. 5. Plaintiff has now paid the initial partial filing fee, and thus, his case is ripe for preliminary review. On that review, Plaintiff is now **ORDERED** to file a recast complaint if he wants to proceed with this action.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I. Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's recast complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis*

proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

In his complaint, Plaintiff asserts that, on December 24, 2019, when he was at Coastal State Prison, he was awakened by two gang members attempting to rob Plaintiff of his Christmas food package. Attach. to Compl. 1, ECF No. 1-1. These two men had previously robbed and injured other disabled inmates in the prison without facing any significant consequences. *Id.* On this occasion, they stabbed Plaintiff eight times, causing him to suffer a collapsed lung. *Id.* They also beat him in the head with locks on belts and parts of Plaintiff's wheelchair. *Id.*

Due to severe understaffing, no officer was working in the building for an extended amount of time that day. *Id.* In this regard, a single female guard was working multiple buildings and was in the medical building across the compound when Plaintiff was attacked. *Id.* Plaintiff was left bleeding on the ground with no one around to help him. *Id.* As a result of the incident, Plaintiff's mental health has suffered, he is blind in his right eye due to brain damage, and he has to use a walker to get around. *Id.*

Plaintiff was subsequently transferred to Baldwin State Prison, where understaffing

and violence was even worse. *Id.* On September 27, 2021, Plaintiff filed a grievance at Baldwin State Prison relating to the conditions of his confinement and safety concerns related to understaffing. *Id.* At some point, Plaintiff suffered a seizure and could not get any help until the next day. *Id.* Officials at Baldwin are aware of the security issues, but they have not done anything to address the problem. *Id.*

Plaintiff was again attacked on December 31, 2021, by a gang member, who hit Plaintiff in the head with a lock in a sock multiple times and took Plaintiff's commissary items. *Id.* Plaintiff requested protective custody and was placed in a cell known as "the hole," which was not a handicapped cell. *Id.* Moreover, Plaintiff's cellmate in that cell was a member of the same gang as the individual who had attacked Plaintiff, causing Plaintiff to fear for his safety. *Id.*

On January 5, 2022, while in that cell, Plaintiff fell off of the toilet, hit his head and back and had a seizure. *Id.* No officers were working in the building, and Plaintiff was on the floor in pain for what felt like hours. *Id.* Eventually, Plaintiff's cellmate stopped a passing officer, who took Plaintiff to medical. *Id.* At the time, Lieutenant Booth was working with only two other officers. *Id.*

### III.    Order to Recast

As currently drafted, Plaintiff's allegations do not state a claim upon which relief may be based. As an initial matter, to the extent that he seeks to state a claim based on the December 24, 2019, attack, it appears that this claim may be barred by the statute of limitations. In this regard, § 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations.

*Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). Georgia's two-year personal injury statute of limitations governs 42 U.S.C. § 1983 civil rights claims. *Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (per curiam) (citing Ga. Code. Ann. § 9-3-33 (1982)).

Plaintiff asserts that this attack took place on December 24, 2019, which would mean that, barring any basis for tolling the statute of limitations, Plaintiff had until December 24, 2021, to file his complaint. Plaintiff did not file his complaint in this case until May 13, 2022. If Plaintiff believes that there is a basis for tolling the statute of limitations in this case, he should identify any such grounds in his recast complaint.

With regard to ongoing conditions of understaffing and potential safety issues, Plaintiff largely makes only general allegations on these points. He does identify two specific incidents, one in which he was attacked and another in which he suffered a health issue. In both incidents, he was left without help for some period of time because of understaffing. But Plaintiff does not assert facts showing that any particular defendant was aware of any risk of harm to Plaintiff and disregarded such risk.

In particular, Plaintiff's allegations implicate a potential claim for deliberate indifference to safety. To state such a claim, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk. *Id.* at 1289-90.

Plaintiff alleges that the prison conditions were unsafe, and he names a number of defendants, but he does not set forth any specific facts connecting the named defendants to his allegations, other than to say that Lieutenant Booth was on duty when one of the incidents occurred. Similarly, to the extent that Plaintiff alleges that the prison conditions are generally unsafe, he also does not assert facts relating the named defendants to his claims.

Thus, Plaintiff's allegations fall short of stating a claim for relief against any named defendant. Nevertheless, it appears possible that Plaintiff may be able to state such a claim through a more carefully drafted complaint. Accordingly, if he wants to proceed with this action, Plaintiff is now **ORDERED** to recast his complaint consistent with the instructions below.

In recasting his complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

    (4)    *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

    (5)    *What* did this defendant do (or not do) in response to this knowledge?

    (6)    *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint as directed herein. Failure to do so, or to otherwise fully and timely comply with this Order, may result in the dismissal of Plaintiff's Complaint.

The Clerk is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 complaint form along with a copy of this Order (with the civil action number showing on both). There will be no service until further order of the Court.

**SO ORDERED and DIRECTED**, this 28th day of July, 2022.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge