IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES HERRING, : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | |
| : NO. 5:22-cv-00185-TES-CHW |
| COMMISSIONER : | |
| CHARLIE WARD, *et al.*, : | |
| : | |
| Defendants. : | |

### ORDER

Plaintiff James Herring, a prisoner in Baldwin State Prison in Hardwick, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. He also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff's motion to proceed *in forma pauperis* was previously granted, and Plaintiff was ordered to pay an initial partial filing fee of $24.83, which he paid. Order, ECF No. 5. Plaintiff was ordered to file a recast complaint and has done so.[1] His recast complaint is still deficient, but in an abundance of caution, Plaintiff will now be given one final opportunity to recast his complaint, as discussed below.

---

[1] Before filing his recast complaint, Plaintiff moved for an extension of time to recast. Mot. for Ext., ECF Nos. 9 & 10. Because Plaintiff's recast complaint has now been filed, his pending recast motions (ECF Nos. 9 & 10) are **DENIED AS MOOT**.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's recast complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right

2

of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Order to Recast

In the previous order to recast, Plaintiff was instructed that his complaint did not state a claim for relief because it appeared that one of his claims was barred by the statute of limitations and, with regard to his remaining claims, because Plaintiff made only general allegations without specific facts to show that any violation occurred or that any particular defendant was connected to the potential violations. Plaintiff's recast complaint suffers from the same problems and has additional issues.

Initially, as with his original complaint, Plaintiff includes a number of allegations that took place more than two years before he filed the complaint in this case. As was previously explained to Plaintiff, a § 1983 claim is governed by the forum state's general

personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). Thus, Georgia's two-year personal injury statute of limitations governs 42 U.S.C. § 1983 civil rights claims. *Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (per curiam) (citing Ga. Code. Ann. § 9-3-33 (1982)). This is also true for claims brought under the ADA. *See Everett v. Cobb Cty. Sch. Dist.*, 128 F.3d 1407, 1409-10 (11th Cir. 1998).

Plaintiff did not file the complaint in this case until May 13, 2022. Thus, the claims that he raises that accrued more than two years before he filed the complaint, or before May 2020, appear to be barred by the statute of limitations. Plaintiff was instructed that, if he believed there was a basis for tolling the statute of limitations with regard to these claims, he should provide the Court with any relevant information in this regard, but Plaintiff has not included any such information in his recast complaint.

With regard to the claims that accrued after May 2020, Plaintiff previously failed to provide sufficient information to state a claim for relief. Although Plaintiff has added some factual allegations to his recast complaint, he still largely does not provide specific factual information relating to his claims. Instead, most of Plaintiff's allegations generally assert that he filed a grievance on a particular date relating to a condition without providing specific information showing that the condition amounted to a constitutional violation. For instance, Plaintiff states that, on December 2, 2020, he filed a grievance asserting that his housing was unsuitable under the Americans with Disabilities Act, but he provides no specific facts with regard to what made his housing unsuitable.

Moreover, Plaintiff includes generic statements that he spoke with certain

defendants about his grievances and conclusory allegations that the defendants had prior awareness of certain situations, but he does not support these generic and conclusory allegations with facts to show that any defendant actually violated his constitutional rights. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, in his recast complaint, it appears that Plaintiff is attempting to join issues that are not related to one another. Rule 20(a)(2) of the Federal Rules of Civil Procedure permits joinder of defendants only when the right to relief asserted arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Plaintiff's recast complaint attempts to raise claims relating to issues at two different prisons, including claims about danger due to low staffing, claims relating to whether his cell is ADA compliant, claims regarding the law library, and claims as to his medical needs. Plaintiff's allegations show nothing to indicate that these claims are properly joined together under Rule 20.

Finally, Plaintiff names several individuals as defendants without relating these individuals to his claims in any way. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Thus, a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged

5

constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).

In light of these shortcomings, Plaintiff's complaint does not comply with the previous order to recast. Nevertheless, because it appears that the statute of limitations may have passed on some of Plaintiff's claims while this case was pending, such that dismissal of those claims would effectively be with prejudice, Plaintiff will now be given one final opportunity to recast his complaint. Plaintiff is cautioned that, if his recast complaint still does not comply with this Court's orders to recast, his complaint will be subject to dismissal.

In recasting his complaint, Plaintiff must clearly identify those individuals he wishes to include as named defendants in this case. Moreover, Plaintiff must allege facts showing what these defendants did or did not do that he believes violated his constitutional rights. If Plaintiff makes a claim that is not connected to any defendant, that claim will be dismissed. Similarly, if Plaintiff names a defendant but does not connect that defendant with a particular claim, that defendant will be dismissed.

In order to comply with the above, it is strongly recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original or first recast complaint to determine whether Plaintiff has stated a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint. Plaintiff is cautioned, however, that the opportunity to recast his complaint is not an invitation to include every imaginable claim that he may have against any state official. As discussed above, Plaintiff will only be permitted to join claims against multiple defendants in one action if those claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). If Plaintiff cannot demonstrate a "logical

relationship" between his claims, the unrelated claims will be dismissed.

Thus, Plaintiff is now **ORDERED** to recast his complaint consistent with the instructions in this order if he wants to proceed with this action. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to recast his complaint as directed herein. Failure to do so, or to otherwise fully and timely comply with this order, will result in the dismissal of Plaintiff's complaint.

The Clerk is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 complaint form along with a copy of this order (with the civil action number showing on both). There will be no service until further order of the Court.

**SO ORDERED and DIRECTED**, this 19th day of October, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge