IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JAMES HERRING,** *Plaintiff,* v. **Commissioner TIMOTHY WARD,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:22-cv-00185-TES-CHW** |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for Reconsideration, [Doc. 38], whereby Plaintiff requests the Court reconsider its Order Adopting the United States Magistrate Judge's Recommendation, [Doc. 14], [Doc. 28], in which the Court dismissed without prejudice Plaintiff's following claims:

(1) Plaintiff's claims against Paaluhi, Thomas, and Jackson based on the December 2019 incident;

(2) any claim based on Plaintiff suffering a seizure in September 2021;

(3) any claims based on the December 2021 attack;

(4) Plaintiff's claims based on being put into the cell with the gang member or being put back into the cell following the fall and seizure;

(5) any claim based on being placed in a building with Thomas;

(6) any allegations against Defendants Coastal State Prison Warden Perry, Sergeant Gilmore, Unit Manager Jackson, Coastal State Prison Warden Brooks L. Benton, CERT Officer Treywick, Officer Black, and Officer Jones;

(7) Plaintiff's claims against the Georgia Department of Corrections; and

(8) any claims against John Doe defendants.

[Doc. 28]. The magistrate judge ruled in his Order & Recommendation that Plaintiff will be permitted to proceed for further factual development on his claim that Defendants Tatum, Booth, Ingram, Berry, Martin, Lumpkin, and Whipple were deliberately indifferent to his safety, resulting in Plaintiff's fall on January 5, 2022. *See* [Doc. 14].

For the reasons detailed below, the Court **DENIES** Plaintiff's Motion for Reconsideration. [Doc. 38].

## PROCEDURAL BACKGROUND

On February 17, 2023, the Court granted Plaintiff's Motion for Extension of Time to File Objections [Doc. 32] to the United States Magistrate Judge's Recommendation [Doc. 14]. [Doc. 37]. Because the Court interprets Plaintiff's present motion as a motion for reconsideration of the Court's Order adopting the magistrate judge's Recommendation, [Doc. 14], [Doc. 28], the Court's Order granting Plaintiff's Motion for Extension of Time still stands. [Doc. 37]. The Court will consider Plaintiff's potential

2

objections and modify its Order Adopting the United States Magistrate Judge's Recommendation [Doc. 28] if necessary. Plaintiff shall have until and including March 17, 2023 to file any objections to the magistrate judge's Order and Recommendation [Doc. 14]. *See* [Doc. 37].

## DISCUSSION

### A.     Motion for Reconsideration Standard of Review

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Therefore, "[i]n the interests of judicial efficiency and finality of decisions, 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *Goolsby v. Astrue*, No. 5:07-cv-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-cv-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See*

*id.* at *1–2; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for reconsideration be used to show the Court how it "could have done it better" the first time. *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

    **B.**    **Analysis**

Given the limited circumstances in which a party may appropriately bring a motion for reconsideration, the Court now turns to Plaintiff's purported basis for bringing such a motion. Plaintiff generally recycles arguments he has already made throughout this lawsuit. First, Plaintiff restates his argument that he was subjected to a life-threatening condition "that caused him to be stabbed and severely beat-up," and prison administrators were informed about this incident but did nothing about it. [Doc. 38, p. 3]. Then, Plaintiff states that the failure by "the Warden and his Administrative staff" to move Plaintiff away from the threat creates a cognizable claim "under 42 U.S.C. § 1983 claim under the 8th Amendment . . . ." [*Id.* at p. 3]. Then, Plaintiff renames "Paaluhi, Thomas, Jackson, Coastal State Prison Warden Perry, Sergeant Gilmore, Unit Manager Jackson, Coastal State Prison Warden Brooks L. Benton, CERT Officer Treywick, Officer Black, and Officer Jones," arguing they were required to exercise ordinary care in protecting Plaintiff's safety and wellbeing under Georgia law. [*Id.* at p. 4]. Finally, Plaintiff argues that "Defendants were liable in their official capacity for

failure to supervise the inmates" to prevent "an unreasonable danger or risk to other inmates or third persons." [*Id.* at pp. 4–5].

Even liberally construing Plaintiff's motion, nothing in Plaintiff's motion warrants the Court's reconsideration. [Doc. 38]. A party cannot use a motion for reconsideration as an opportunity to reargue a matter the Court has already ruled on simply because he lost the first time around. *See Pennamon v. United Bank*, No. 5:09-cv-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003)). Plaintiff must satisfy one of the recognized grounds for a motion for reconsideration, and he fails to do so.

### B.  Potential Objections to the United States Magistrate Judge's Recommendation

Plaintiff may have intended his motion for reconsideration to serve as objections to the magistrate judge's Recommendation [Doc. 14]. To the extent Plaintiff seeks to do so, the Court overrules Plaintiff's objections under a *de novo* review of the portions of the magistrate judge's Recommendation to which Plaintiff makes an objection. *See* 28 U.S.C. § 636(b)(1)(C). For the same reasons outlined in the motion for reconsideration analysis, Plaintiff simply recycles arguments that he has already made. *See* [Doc. 1]; [Doc. 11]; [Doc. 13]. In other words, Plaintiff's objections are without merit. *See U.S. v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (when a party's objections are

"[f]rivolous, conclusive, or general," the district court need not consider them (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988))).

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 38].

**SO ORDERED**, this 24th day of February, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
