# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JAMES HERRING,**  *Plaintiff,*  v.  **COMMISSIONER CHARLIE WARD,** *et al.,*  *Defendants.* | **CIVIL ACTION NO.**  **5:22-cv-00185-TES-CHW** |

## ORDER ADOPTING THE UNITED STATES
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and

Recommendation ("R&R") [Doc. 59] regarding the Motion for Summary Judgment

[Doc. 56] filed by Defendants Walter Berry, Tracey Lumpkin, Eric Martin, Crystal

Tatum, Sabrina Booth, and Pretrillion Whipple.[1] Pro se Plaintiff James Herring filed a

letter on January 31, 2023,[2] requesting an extension of time to file objections to the R&R.

---

[1] Defendants filed and served on Plaintiff a Suggestion of Death [Doc. 49] for Defendant Ingram on March 16, 2023. Because no motion for substitution was "made within 90 days after service" of the suggestion of death, Rule 25(a)(1) requires that "the action . . . against [Ingram] must be dismissed." Fed. R. Civ. P. 25(a)(1).

[2] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

[Doc. 60]. The magistrate judge granted Plaintiff's motion and extended his deadline to object until February 20, 2024. [Doc. 61].

Plaintiff's extended deadline has come and gone, and he has failed to file any objections, so the Court reviews the R&R for clear error. *See* 28 U.S.C. § 636(b)(1)(C) *in connection with* Fed. R. Civ. P. 6(a)(1) & (d). Rather than timely file any objections to the R&R, Plaintiff sent a letter to the Court dated February 7, 2024, discussing, *inter alia*, concerns with receipt of his mail and indicating that he is "still working on [his] respon[s]e to summary judg[]ment." [Doc. 62, pp. 1–2]. However, Plaintiff filed his Response [Doc. 58] to Defendants' summary-judgment motion months ago. To the extent Plaintiff means to say that he is still working on his objections to the R&R, nearly a month has passed since the already-extended deadline expired. Having reviewed the United States Magistrate Judge's Report and Recommendation [Doc. 59] for clear error, the Court **ADOPTS** it and **MAKES IT THE ORDER OF THE COURT**.

Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment [Doc. 56] and **DISMISSES** Plaintiff's claims against Defendant Ingram. *See supra* note 1. As there are no remaining defendants, the Court **DIRECTS** the Clerk of Court to enter Judgment accordingly and **CLOSE** this case.

**SO ORDERED**, this 12th day of March, 2024.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**